## WILSON v. INTEROCEAN S. S. CORPORATION et al.
No. 11531.

Circuit Court of Appeals, Ninth Circuit.

Sept. 3, 1947.

Gladstein, Andersen, Resner & Sawyer and Herbert Resner, all of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., (John H. Black, Edward R. Kay, J. Hampton Hoge, Henry W. Schaldack, and Franklin C. Latcham, all of San Francisco, Cal., of counsel), for appellee.

Before DENMAN, BONE, and ORR, Circuit Judges.

DENMAN, Circuit Judge.

Appellant, a merchant marine sailor, was transported in Pearl Harbor in a naval launch on a dark night from shore to his ship, the Notre Dame Victory. He libelled the Interocean Steamship Corp. and the U. S., alleging negligence in the navigation of the launch by which it ran into the mooring line of the Hospital Ship Repose between an unlighted buoy and the Repose. This, it is agreed, caused a sudden stop which threw him forward from his after seat in the launch and caused his face to hit a thwart whereby his nose was crushed and his face cut. The District Court found no negligence. On this appeal the liabil-ity of respondents under the Public Ves-sels, 46 U.S.C.A. §§ 781–790, and Suits in Admiralty Acts, 46 U.S.C.A. §§ 741–752, is not questioned if the appellant has main-tained his burden of proof of negligent navigation.

While here a trial de novo, all the evidence favorable to appellant's conten-tion was from witnesses heard by the Dis-trict Court. We are bound by the rule of The Ernest H. Meyer, 9 Cir., 84 F.2d 496, 501: "Where all of the evidence is heard by the trial judge and the question is one of credibility of witnesses on conflict-ing testimony, the presumption [that the findings of the district court are correct] has very great weight."

Appellant contends here that the acci-dent "happened because the coxswain of the naval launch was not mindful of his work, departed from the channel, was talking to other persons on the operating platform of the launch, and failed to have a lookout in the bow."

While there is testimony that there was no lookout in the extreme bow, there is no evidence that one could stand there or that none of the launch's crew was stationed well enough forward to be in a position properly to look out for ob-structions in the navigation. With the burden of proof on the appellant such ab-sence of proof brings the case within our decision in the smaller power boat case of the Catalina, 9 Cir., 95 F.2d 283, 285. As in that case, since the absence of a proper lookout is not affirmatively shown, there arises no presumption of negligence.

On the contention of inattention of the coxswain the evidence is conflicting. So also as to whether the unlighted moor-ing buoy was or was not across the proper course between the irregularly moored fleet of vessels in the harbor and as to whether the launch was navigated out of a proper course to the Notre Dame Victory. It is not contended that the U. S. had improp-erly moored the Repose. There was a naval brownout in which such mooring buoys were not lighted.

In this condition of the evidence, we cannot say the findings of the District Court must be disregarded. In effect the

District Court held that the obscurity of the brownout, a necessary war hazard, was the cause of appellant's injury without negligence on the part of the launch's crew.

The decree is affirmed.